NOT RECOMMENDED FOR PUBLICATION
File Name: 19a0482n.06

No. 18-5422

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

BENJAMIN BENNET, et al.,

    Petitionerss,

v.

SUSAN BENNETT BASCOM, et al.,

    Respondents,

KINGDOM ENERGY RESOURCES, LLC,

    Intervening Petitioner-Appellant,

UNITED STATES OF AMERICA,

    Intervening Petitioner-Appellee.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**FILED**
Sep 16, 2019
DEBORAH S. HUNT, Clerk

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF KENTUCKY

BEFORE: **SILER, BATCHELDER, and DONALD, Circuit Judges.**

**ALICE M. BATCHELDER, Circuit Judge**. On competing claims to the proceeds from the sales of certain secured assets, the district court held that an IRS tax lien was superior to a lender's unrecorded security interest (loan) and awarded priority to the IRS. We AFFIRM.

### I.

Duane Bennett died in 2006, owing nearly $2.3 million in outstanding loans to two limited partnerships, of which he was the general partner and majority owner. Upon his death, his Estate owed approximately $2.8 million in federal estate taxes to the IRS. When Kingdom Energy Resources (KER) purchased the partnerships' assets from a state-court-appointed receiver in 2015, the limited partners argued that KER had not purchased the right to collect the loans, so they were

entitled to $2.3 million in sales proceeds to satisfy those loans. KER disagreed and the state court placed the Estate's share of the sales proceeds ($2.1 million) in escrow. The IRS intervened and removed the case to federal court, claiming priority rights to the escrowed money based on tax liens it had filed in the applicable Kentucky counties in August 2010.

The district court held that KER had purchased the right to collect the loans as part of the partnerships' assets, so the limited partners had no claim to the escrowed money. *Bennett v. Bascom*, No. 5:17-cv-113, 2018 WL 1473798, at *4 (E.D. Ky. Mar. 26, 2018). The limited partners have not appealed that decision and are no longer parties to this action.

The IRS and KER filed cross-motions for summary judgment. KER based its claim to the escrowed money on its having already foreclosed on that money via "strict foreclosure" under Article 9 of Kentucky's Uniform Commercial Code. *Id*. at *5. The district court disagreed, finding that the Estate had overcome strict foreclosure by properly objecting within the statutorily required 20-day window. *Id*. at *6. KER had argued that, under federal law, 26 U.S.C. § 6323(h)(1), it was the "protected holder of a security interest," and under Kentucky law, KRS § 362.2-703, "a creditor cannot obtain a judgment lien on a debtor's partnership interest," so "even without perfection, a security interest in a debtor's partnership interest is always protected against a subsequent judgment lien." *Id*. at *7 (quotation marks omitted). The district court rejected this argument as well, finding that the IRS does not have a typical *judgment lien*, it "has a tax lien against the sale proceeds themselves." *Id*. at *8. Therefore, the court continued, "under 26 U.S.C. § 6323(a), the question is whether [KER] has a competing security interest in the proceeds themselves," and, finding that it did not, held that the IRS lien took priority. *Id*. The court granted summary judgment to the IRS, awarding it the money in escrow, and KER appealed.

**II.**

We review the grant of summary judgment de novo, construing facts and inferences in the light most favorable to the non-moving party. *Brown v. Battle Creek Police Dep't*, 844 F.3d 556, 565 (6th Cir. 2016). Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Stryker Corp. v. Nat'l Union Fire Ins. Co.*, 842 F.3d 422, 426 (6th Cir. 2016) (quoting Fed. R. Civ. P. 56(a)).

**A.**

KER argues that it executed a "strict foreclosure" on the escrowed funds pursuant to KRS § 355.9-620, which permits a secured party to accept collateral in satisfaction of an obligation, provided the debtor does not make an authenticated objection within 20 days. On January 21, 2017—while litigation was underway—KER sent a letter to the Estate purporting to accept the Estate's partnership interests "in full and final satisfaction" of the Estate's debts. Two days later, the Estate responded by email, answering that the letter was "premature and beyond [KER's] abilities as a purported creditor," but that its counsel would "send . . . a more detailed response on behalf of the Estate in a few days." The Estate's counsel never sent the promised response. KER argues that, standing alone, the email merely constituted a notice that something more would be provided, but did not act as an actual objection.

When dealing with nonjudicial foreclosure, courts have found that an objection to the foreclosure does not require any "magic words." *Blakely v. Tri-Cty. Fin. Grp., Inc.,* No. 08-cv-3783, 2010 WL 1286856, at *6 (N.D. Ill. Mar. 29, 2010). "Any language that manifests an intention to reject the proposal of the creditor to retain possession of the collateral in satisfaction of the debt satisfies the requirements of the Uniform Commercial Code." 68A Am. Jur. 2d Secured Transactions § 589; *see also Bluwav Sys., LLC v. Durney*, No. 09–13878, 2011 WL 5375200, at

*2 n.3 (E.D. Mich. Nov. 7, 2011) (holding that "[s]trict foreclosure cannot be accomplished without the consent of the debtor"). While it is true that the Estate's counsel never followed up with a more detailed response, it is equally true that the email manifested an objection to the strict foreclosure, so a more detailed response was not necessary.

KER argues that, even conceding that the email effectively communicated the Estate's intention to reject the proposal, that email was not properly "authenticated." Under KRS § 355.9-102(1)(g), "authenticate" means "[t]o sign" or "[w]ith present intent to adopt or accept a record, to attach to or logically associate with the record an electronic sound, symbol, or process." The district court said that, because counsel for the Estate typed his name at the end of the email and pressed the "send" button, he "intended to presently authenticate and adopt the content of the e-mail as his own writing," *Bennett*, 2018 WL 1473798, at *6. Kentucky defines "authenticate" as including an electronic signature, KRS § 355.9-102(1)(g), so KER's argument fails on the merits.[1]

**B.**

KER argues that the district court mischaracterized the nature of the two security interests and, therefore, mistakenly avoided or overlooked 26 U.S.C. § 6323(a), the federal statute that determines the priority of liens against an individual's property when a federal tax lien is involved. The district court said that KER had a security interest in the partnership *assets* but no "security interest in the proceeds themselves" (from the sale of the assets), whereas the IRS's lien did attach to the *sale proceeds* themselves, which led it to mistakenly conclude that KER had no competing security interest so the IRS's interest was necessarily superior. *Bennett*, 2018 WL 1473798, at *8.

---

[1] KER claims also that, because the Estate did not respond to KER's motion for summary judgment, the Estate forfeited the defense that it properly objected to the judicial foreclosure. The IRS responded to KER's motion for summary judgment and argued that the Estate had adequately objected. KER argues the IRS should not be allowed to contest ownership of the sales proceeds in place of the Estate, but KER does not elaborate on this argument or cite any legal proposition for it. *Benge v. Johnson*, 474 F.3d 236, 245 (6th Cir. 2007).

To be clear, Bennett's partnership interest was the collateral for the loans from the partnerships, so that collateral (Bennett's partnership interest) was an asset of the partnerships, and KER purchased a security interest in that asset. KER argues that its security interest in that asset (Bennett's partnership interest) necessarily extended to the proceeds from the sale of that asset, the same way that the IRS's lien on that asset extended to the proceeds from the sale.

From this, KER contends that the district court was obliged to conduct a § 6323(a) analysis, and, had it done so, it would have found that KER's security interest was superior to the IRS's lien. KER is mistaken. Section 6323(a) says that a tax lien "shall not be valid as against any . . . holder of a security interest . . . until notice thereof . . . has been filed by the [IRS]." Recall that the IRS first filed notice of its tax lien in August 2010, some five years before KER purchased the partnerships. Moreover, for purposes of § 6323(a), a "security interest" is defined as:

> [A]ny interest in property acquired by contract for the purpose of securing payment or performance of an obligation or indemnifying against loss or liability. *A security interest exists* at any time (A) *if*, at such time, the property is in existence and *the interest has become protected under local law against a subsequent judgment lien arising out of an unsecured obligation*, and (B) to the extent that, at such time, the holder has parted with money or money's worth.

§ 6323(h)(1) (emphasis added).

Courts in the Sixth Circuit have equated the word "protected" in § 6323(h)(1) with the word "perfected." In *Citizens State Bank*, a case applying Kentucky law, we held that § 6323(a) "exclude[s] security interests which have not yet become *perfected* under local law." 932 F.2d 490, 493 (6th Cir. 1991) (emphasis added); *see also First Bancorp, Inc. v. United States,* 945 F. Supp. 2d 802, 813 (W.D. Ky. 2013) (applying Kentucky law to hold that, under § 6323(a), "a private security interest has priority over a federal tax lien only if it attached to the property in

question *and was perfected* prior to the filing of notice of the federal tax lien") (emphasis added).[2]

In Kentucky, a holder of a security interest perfects an interest by filing a financing statement. KRS § 355.9-310(1). The limited partners never filed a financing statement. Therefore, KER purchased a loan that was not secured by a perfected security interest and, correspondingly, was not "protected" for purposes of § 6323(h)(1). KER does not qualify as holding a security interest under federal law, § 6323(a), and KER's interest therefore does not have priority over the IRS lien.

KER responds that this misunderstands Kentucky law. According to KER, a security-interest holder in a partnership interest is *always* protected under Kentucky law regardless of whether that interest is perfected. This argument has no support from—and is actually refuted by—our prior decisions interpreting § 6323(a) in light of Kentucky law. KER does not attempt to distinguish these decisions, but even if it could, KER's substantive argument is meritless. KER reads KRS § 362.2-703—the Kentucky statute governing the transfer of a partner's interest in a partnership—to say that there is no such thing as a judgment lien on a partnership interest. Rather, "all a judgment creditor can do is request a charging order when a limited partnership interest is involved." So, KER argues, § 6323(h)(1) says nothing about a "charging order"; instead, what matters is a "judgment lien," and a security interest in a partnership is therefore "'protected' against a subsequent judgment lien because [a judgment lien on a partnership] does not exist" under

---

[2] Other circuits have held also that in § 6323(h)(1), "protected" means "perfected." *See, e.g., In re Haas*, 31 F.3d 1081, 1087 (11th Cir. 1994) (holding that the phrase "protected under local law against a subsequent judgment lien" is "equivalent" to a "lien creditor" in the UCC); *United States v. T.C. Trigg*, 465 F.2d 1264, 1270 (8th Cir. 1972) (holding that under § 6323(a), "holders of unperfected interests remain subject to the 'first in time is first in right,' priority standard" and therefore "unperfected security interests are subordinate to a federal tax lien"); *see also* Saltzman & Book, IRS Practice and Procedure, ¶ 16.02[2] (2019) ("The 'holder of a security interest' as used in Section 6323(a) was meant to . . . bring the tax lien statute in line with the UCC . . . [T]o achieve maximum possible priority over competing lienors, the secured party must 'perfect' his security interest. . . . A security interest generally is perfected by filing a financing statement. An unperfected security interest is subordinate to the rights of 'lien creditors' before the security interest is perfected."). *But see Dragstrem v. Obermeyer*, 549 F.2d 20, 25 (7th Cir. 1977) ("[W]e conclude that a security interest need not be perfected under the UCC in order to be protected against a subsequent judgment lien under Section 6323(h)(1) of the Federal Tax Lien Act.").

Kentucky law. But this same statute states unequivocally that "[a] charging order constitutes a lien." KRS 362.2-703(2). KER can neither explain nor overcome this glaring inconsistency in its argument.

KER makes additional arguments, but none survives controlling Sixth Circuit precedent. We hold that KER's unperfected security interest does not have priority over the IRS's lien.

## C.

Finally, KER argues that its lien is entitled to "superpriority" under § 6323(b). KER raised this argument for the first time in its reply brief to the IRS's motion for summary judgment. We generally do not permit arguments to be raised for the first time in a reply brief. *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008). The rationale for this rule is straightforward:

> [R]eply briefs *reply* to arguments made in the response brief—they do not provide the moving party with a new opportunity to present yet another issue for the court's consideration. Further the non-moving party ordinarily has no right to respond to the reply brief, at least not until oral argument. As a matter of litigation fairness and procedure, then, we must treat [such issues] as waived.

*Id.* (quoting *Novosteel SA v. United States*, 284 F.3d 1261, 1274 (Fed. Cir. 2002)).

The IRS relied on § 6323(a) in its motion for summary judgment; it made no reference to § 6323(b). In its response, KER did not rely upon § 6323 at all. KER's subsection (b) "superpriority" argument was entirely new in its summary judgment reply brief and was unrelated to its § 6323(a) argument. The IRS had no opportunity to respond, and, therefore, as "a matter of litigation fairness and procedure," KER's superpriority argument is forfeited. *Flowers*, 513 F.3d at 553. We decline to consider this novel argument on appeal.

## III.

For the foregoing reasons, we **AFFIRM** the judgment of the district court.